FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

98 AUG -4 PM 3: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| TERMINIX INTERNATIONAL COMPANY, L.P., et al., | ] ] ] | |
| Plaintiff(s), | ] ] | |
| vs. | ] | CV 98-N-0587-NE |
| GLENN R. WATSON, et al., | ] ] ] | |
| Defendant(s). | ] | |

ENTERED
AUG 4 1998

## Memorandum of Decision

In this action to compel arbitration, plaintiffs Terminix International Company, L.P., and Terminix International, Inc., (collectively "Terminix") petitioned this court to enforce a putative arbitration agreement between it and defendants Glen R. Watson and Rhonwyn C. Watson (collectively "the Watsons") pursuant to 9 U.S.C. § 4. Terminix filed this action in response to the Watsons' lawsuit against it in the Circuit Court of Madison County, Alabama. *Petition for Order to Compel Arbitration* at ¶ 13. In the underlying state action, the Watsons brought numerous state law tort claims against Terminix and a Terminix employee, Vandy Riggins ("Riggins"), arising from a termite bond issued by Terminix and arising from an alleged termite inspection conducted by Riggins. *Defendants' Motion to Dismiss* at Exhibit A. In this action, the Watsons filed a motion to dismiss, asserting that this court lacks subject matter jurisdiction over this controversy and that no enforceable arbitration agreement exists between the parties. *Id.* at 1.



First, with regard to this court's subject matter jurisdiction, Terminix claims that the court has diversity jurisdiction pursuant to 28 U.S.C. §1332. The Watsons do not dispute that the parties in this lawsuit are diverse in citizenship or that the requisite amount in controversy is present. Rather, the Watsons contend that Riggins, a non-diverse defendant in the underlying action, is a "substantial defendant"[1] and that Terminix "deliberately failed to include [him] in a transparent attempt to provide diversity jurisdiction in this Court which would otherwise not be permitted." *Id.* at ¶¶ 4, 7. The recent decision of *First Franklin Financial Corp. v. McCollum*, 144 F.3d 1362 (11th Cir. 1998), is dispositive of this issue. In this case, as in *First Franklin*, the subject matter jurisdiction of the federal district court over an independent action to compel arbitration is not determined by whether or not the underlying state court action would be removable to federal court. Therefore, this court has subject matter jurisdiction over Terminix's petition to compel arbitration pursuant to 28 U.S.C. § 1332.

Second, the Watsons' contention that no enforceable arbitration agreement exists between the parties also fails. Although the Watsons never signed a written arbitration agreement, the Watsons do not dispute that, when they purchased their new home, they "hired" Terminix to provide termite protection for their home and they received a "Termite Protection Plan Guarantee No. PR904200471-3." *See Motion to Dismiss* at Exhibit A, ¶¶ 6, 10 (complaint in underlying action); *Affidavit of Cecil Rhodes* at Exhibit A (the "Termite Protection Plan" received by the Watsons). The Watsons also do not dispute that the

---

[1] Although Terminix argues that Riggins is not an "indispensable party" in this action, the Watsons never made this claim and, based upon the pleadings in this action and in the underlying action, the court finds that Riggins is not an "indispensable party" within the meaning of Fed. R. Civ. P. 19(b).

document they received contains a clause requiring the "Purchaser and Terminix" to "arbitrate any and all claims between them arising out of or in relation to this agreement." *Affidavit of Cecil Rhodes* at Exhibit A. Rather, the Watsons argue that, absent a signed agreement, Terminix lacks evidence "that they ever intended to arbitrate their claims." *Motion to Dismiss* at ¶ 14 & Exhibit B.[2]

Failure to read or ascertain the existence of an arbitration agreement is insufficient to relieve a person of the obligation to arbitrate. *See Coleman v. Prudential Bache Sec., Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986); *Southside Internists Group v. Janus Capital Corp.*, 741 F. Supp. 1536, 1539 (N.D. Ala. 1990). Furthermore, under Alabama law, "Conduct of one party from which the other may reasonably draw an inference of assent to an agreement is effective as an acceptance." *SGB Constr. Serv. V. Ray Sumlin Constr. Co.*, 644 So.2d 892, 895 (Ala. 1994); *Deeco, Inc. v. 3-M Co.*, 435 So.2d 1260 (Ala. 1983).

In this case, the Watsons purchased an existing termite bond on their new home, and in consideration of the Watsons' payment, Terminix issued a new bond in the Watsons' name that contained an explicit agreement to arbitrate any disputes arising out of the contractual relationship. *Affidavit of Cecil Rhodes* at ¶ 6 & Exhibit B. The Watsons then renewed that bond on an annual basis by paying an additional fee each year from 1992 until 1997. *Id.* at ¶ 7. The defendants cannot now avoid their contractual obligation to arbitrate disputes that have arisen out of this transaction or series of transactions.

---

[2] The Watsons both swore affidavits in support of their motion to dismiss stating, "At no time, have [we] ever, to [our] knowledge, agreed to arbitrate . . . , by signing any document." *Glen R. Watson* at ¶ 3; *Affidavit of Rhonwyn C. Watson* at ¶ 3.

Accordingly, the Watsons' motion to dismiss, filed April 3, 1998, is due to be **DENIED**; Terminix's petition to compel arbitration pursuant to 9 U.S.C. § 4, is due to be **GRANTED**. A separate order will be entered.

Done, this 4th of August, 1998.

*Edwin L. Nelson*
Edwin L. Nelson
United States District Judge