FILED
00 JUN 29
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 29 2000

# United States District Court
## Northern District of Alabama
### Northeastern Division

| | | |
|---|---|---|
| **Terminix International Company, L.P., et al.,** | ] | |
| Plaintiff(s), | ] | CV-98-N-0587-NE |
| vs. | ] | |
| **Glenn Watson, et al.,** | ] | |
| Defendant(s). | ] | |

## Memorandum of Opinion

The court has for consideration the plaintiffs' response to the court's show cause order of May 4, 2000 (Doc. No. 40) and its motion to stay litigation of non-arbitrable claims (Doc. No. 41). In particular, the plaintiffs, Terminix International, L.P., et al. ("Terminix"), request that the defendants Glenn and Rhonwyn Watson ("the Watsons") be required to commence arbitration proceedings against Terminix as to Counts 8-17 of their state-court complaint within 30 days, and further, pursuant to 9 U.S.C. § 3 and 28 U.S.C. §§ 1651(a) and 2283 that the court enter an order staying all litigation and enjoining the Watsons from pursuing litigation as to Counts 1-7 of the complaint.[1] After careful consideration, the court,

---

[1] 9 U.S.C. § 3 provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

28 U.S.C. § 1651(a) provides:

having been led down a prim rose path once before, intends to look more carefully where it steps. This new path the plaintiff proposes is even more sticky than the first. The motion to stay will be denied. The defendants will be required to arbitrate those claims found on appeal to be arbitrable, and the action will be dismissed without prejudice as to the remaining claims.

I.  **Introduction.**

In August of 1992, the Watsons bought a house from the Willises in Huntsville, Alabama. Prior to closing, Terminix provided the Willises with a Wood Infestation Report, asserting that Terminix had investigated the home and found no active terminite infestation. At the closing, the Watsons purchased a Termite Protection Plan, or Termite Bond, which set forth the terms and conditions upon which Terminix would provide treatment and/or repairs to the house for damage relating to active termite infestation. In June of 1997, the Watsons allegedly discovered termite damage to their house.

Thereafter, in February of 1998, the Watsons sued Terminix in the Circuit Court of Madison County, Alabama, alleging fraud, suppression, breach of contract, and other wrongs relating to the termite damage to their home. The claims can essentially be separated into two categories: (1) claims relating to the statements made in the 1992 Wood

---

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

2

Infestation report, and (2) claims relating to services and protection provided under the Termite Bond, which has been in effect from 1992 to the present.

In March of 1998, Terminix, pursuant to 9 U.S.C. § 4, filed in the United States District Court, Northern District of Alabama, a petition to compel the Watsons to arbitrate their claims. (Doc. No. 1).[2] The court entered summary judgment in favor of Terminix on its Petition and compelled the Watsons to arbitrate all of their claims. (Doc. No. 35). They were also enjoined and restrained from pursuing or prosecuting separate litigation against the plaintiffs, pending the results of arbitration.

On March 22, 2000, the Eleventh Circuit Court of Appeals affirmed in part and reversed in part this court's March of 1998, decision. The Appeals Court concluded that the Wood Infestation Report claims were not subject to arbitration, but that the claims associated with the Termite Bond itself were subject to arbitration. Thus, the order to arbitrate the Watsons' wood infestation claims was reversed, while the granting of arbitration as to the Termite Bond claims was affirmed. As noted, the plaintiff now seeks an order of the court to stay the non-arbitrable wood infestation report claims while the Termite Bond claims are arbitrated.

---

[2] 9 U.S.C. § 4 provides in pertinent part:
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

3

## II. Discussion.

### A. Directing Arbitration.

Terminix first contends that this court should require the Watsons to commence arbitration within thirty days. The plaintiffs contend that if additional time passes, it will become more difficult to marshal evidence and evaluate when the actual damage occurred. The Watsons do not dispute the court's inherent authority to direct arbitration, but assert, that ninety days is a more appropriate deadline. *See Mangiafico v. Street*, 2000 WL 303041, at *2 (Ala. Mar. 24, 2000); *see also Kleiner v. First Nat'l. Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985)(recognizing inherent authority of trial court to manage its cases). After reviewing the record, the court finds no reason why this matter should be delayed any longer than necessary. Accordingly, the parties are directed to commence arbitration within thirty days of the date of this order, and further act in the most expeditious manner possible

### B. Staying Litigation.

An action brought pursuant to 9 U.S.C. § 4 has only two possible outcomes: "an order compelling arbitration, or an order refusing to compel arbitration and dismissing the petition." *First Franklin Financial Corp. v. McCollum*, 144 F.3d 1362, 1364 (11th Cir. 1998). Here, in light of the decision of the Eleventh Circuit Court of Appeals, Terminix's original petition has essentially been granted in part and denied in part. As to the wood infestation report claims, the court refuses to compel arbitration and the petition is dismissed as to those claims. Accordingly, as such claims are now pending in the Circuit Court of Madison County, Alabama, The Watsons are free to proceed with litigation there. Conversely,

arbitration is proper as to claims arising from the Termite Bond. Therefore, the portion of the court's August 4, 1998, Order directing arbitration of the Termite Bond claims and enjoining and restraining the Watsons from pursing or prosecuting separate litigation against the plaintiffs pending arbitration concerning these claims remains in effect.

The sticky part comes in the form of the Terminix contention that this court should enjoin any further litigation of even the non-arbitrable claims until arbitration of the arbitrable claims is completed. *See* 9 U.S.C. § 3. In support of its request to enjoin the nonarbitrable claims from proceeding, Terminix contends that 9 U.S.C. § 3 explicitly contemplates that the practical way to proceed is to stay litigation of such claims while the parties arbitrate. The plaintiff further argues that a stay is appropriate as the arbitrable claims predominate over the nonarbitrable claims. *See Summer Rain v. The Donning Company/Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992). The Watsons respond that the Eleventh Circuit, in securities litigation, has expressed a high level of disdain for stays of nonarbitrable claims. *See Benoay v. Prudential-Bache Securities*, 805 F.2d 1437 (11th Cir. 1986). They also maintain that a stay in this matter would be inappropriate as the claims arising from the Termite Bond do not predominate over the claims arising out of the Wood Infestation Report.

While the parties have raised some interesting arguments concerning the proper course of action this court should take when faced with both arbitrable and nonarbitrable claims, the fundamental issue in this case concerns the delicate balance of power between state and federal courts. Because Terminix is asking for a stay of state court litigation, the court must take into account the general principles of equity, comity and federalism.

It is a general tenet of federal jurisprudence that this court has the inherent duty to avoid circumstances that create a needless friction between state and federal courts. *See Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 286 (1970); 28 U.S.C. § 2283 ("A court of the Untied States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"). In like manner, this court operates under the strongly held view that state courts are as capable as any other courts in applying federal statutory law and constitutional provisions. Without question, the Alabama courts have general jurisdiction to enforce the provisions of the Federal Arbitration Act, including 9 U.S.C. § 3. *Baltin v. Alaron Trading Co.*, 128 F.3d 1466, 1469 (11th Cir. 1997); *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 (1983).[3] Accordingly, it seems both appropriate and logical that the court in which the nonarbitrable claims subject to the proposed stay are pending should have the right to decide their procedural fate. To hold otherwise would create "needless friction," as this court would be put in the unhappy, and perhaps unsupportable, position of unnecessarily imposing its will on the state court's docket.

## III.  Conclusion.

Nothing said here should be construed as favoring any position over another as to whether the non-arbitrable claims should be stayed. The court has said nothing except that

---

[3] There is nothing in the record which indicates that the Circuit Court of Madison County, Alabama, would somehow ignore the guiding principles of federal statutory law.

6

this is an issue best left for decision by the court where those claims are pending. The motion to stay will therefore be denied without prejudice with leave to refile in state court.

Done, this 28th of June, 2000.

Edwin L. Nelson
United States District Judge